UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PETER D. RUST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF TRUSTEES OF THE )<br>BOILERMAKER-BLACKSMITH )<br>NATIONAL PENSION TRUST, )<br>)<br>Defendant. ) | Case No. 1:20-CV-195-SNLJ |

## MEMORANDUM AND ORDER

Plaintiff Peter D. Rust brought this action against defendant Board of Trustees of the Boilermakers-Blacksmith Union National Pension Trust pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.. Defendant has moved to dismiss [#14].

**I.      Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Plaintiff was a welder and member of the International Brotherhood of Boilermakers Local #83. He became a participant in the Boilermakers-Blacksmith National Pension Trust (the "Plan") and the Plan began receiving contributions on plaintiff's behalf in 2000. In 2015, at the age of 51, plaintiff became totally and permanently disabled, and he was unable to continue working. Prior to his becoming permanently disabled, the Plan credited plaintiff with 15,377.80 hours of work and $147,862.72 in contributions to the Plan. Plaintiff fully vested in the Plan in 2011.

Plaintiff began the process of securing benefits from the Social Security Administration ("SSA") on April 15, 2015. Plaintiff received a hearing before an Administrative Law Judge two years later, on June 13, 2017, and he received a Fully Favorable Decision on July 12, 2017. But that was not the end of plaintiff's Social Security Administration experience. On November 18, 2017, the SSA notified plaintiff that the Social Security Appeals Council had remanded his Fully Favorable Decision to the ALJ for further review. Plaintiff was examined on January 4, 2018 by a doctor at the request of the SSA.

Meanwhile, on July 25, 2017, just after receiving his Fully Favorable Decision from the SSA but before being notified of the Fully Favorable Decision's remand, plaintiff filed a written application for Disability Pension under the Plan. He attached numerous required documents to his application, including the Fully Favorable Decision from the SSA, but he did not submit a "Notice of Award" from the SSA. Sometime later, defendant denied plaintiff's application for a Disability Pension because he failed to produce a Notice of Award from SSA within 180 days as required by the Plan. Plaintiff then timely appealed defendant's decision.

On February 5, 2018, plaintiff sent a letter to the Plan Administrator explaining that although the Social Security Administration had provided him with a Fully Favorable Decision on July 12, 2017, granting his application for Social Security Disability Benefits, he had not received a letter entitled "notice of award" and had, instead, received

2

notice that his Social Security Disability application was under review by the Social Security Appeals Council.

On March 15, 2018, the Plan Administrator mailed plaintiff a letter acknowledging the timeliness of his appeal. On March 20, 2018, plaintiff sent a letter to the Plan Administrator expressly stating that although he was currently receiving Social Security Disability payments, he had not yet received any document from the Social Security Administration entitled, "notice of award" and, therefore, could not yet produce that specific document. In the letter, plaintiff requested an extension of time to obtain and produce to the Plan Administrator the document. Plaintiff also called the Plan Administrator requesting the extension.

Plaintiff, along with this Social Security Disability attorney, provided additional information and documentation to the Plan Administrator and notified the Plan Administrator that plaintiff was scheduled to appear again before an ALJ on June 28, 2018.

On May 8, 2018, the Plan Administrator sent a letter to plaintiff expressly stating that his appeal had been extended to "allow additional time to substantiate the claim."

The day before the scheduled June 28 hearing, plaintiff was notified he did not need to attend because the ALJ had again concluded he was entitled to benefits. On July 5, 2018, plaintiff received another Fully Favorable Decision from the SSA but again did not receive a "notice of award." Plaintiff sent the new Fully Favorable Decision to the Plan Administrator and requested an extension to obtain a notice of award from the SSA.

3

The Plan Administrator sent plaintiff a letter August 14 expressly stating that his appeal had again been extended "to allow additional time to substantiate the claim." The letter explained, "Any additional information should be received in the Fund Office no later than November 1, 2018 in order for your appeal to be presented in December 2018 at the 4th Quarter 2018 Pension Appeals Committee meeting."

On September 3, 2018, plaintiff finally received a document from the Social Security Administration entitled, "notice of award." The notice of award indicated that plaintiff was entitled to monthly disability benefits from Social Security beginning in April 2015.

On September 10, 2018, Rust provided the Social Security Disability notice of award document to the Plan Administrator.

On December 13, 2018, the Plan Administrator sent plaintiff a letter stating, "After consideration of all the facts and documentation, your appeal was denied. The specific reason your appeal was denied is because you failed to provide a Social Security Disability Notice of Award within the 180-day time period allowed after the filing of your Pension Application on July 26, 2017."

Plaintiff filed this lawsuit with two counts. Count I is a claim for enforcement of rights and disability pension benefits, and Count II is a claim for injunctive and other equitable relief. The defendant says that Plan Section 10.01(c) states that a claimant must submit all necessary documentation with 180 days of filing an application. The Plan

4

further says that if the claimant does not do so, the claimant must submit a new application for benefits.

Defendant has moved to dismiss.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must

5

be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**III. Discussion**

Defendant moves to dismiss both Counts.

**A. Count I**

Plaintiff's Count I is for enforcement of rights and pension benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant moves to dismiss Count I arguing that plaintiff cannot make out a claim against defendant based on the facts presented. In particular, defendant contends it was bound by the Plan language in Sections 4.09 and 10.01(c). Plan Section 4.09(d) requires that a plan participant submit a Notice of Award from the SSA with his claim. Section 10.01(c), in turn, provides that the initial determination for a claim for benefits will be made within 90 days of submitting an application. The Plan allows only one 90-day extension. It continues that if additional information is required, the claimant will be informed and asked to provide the necessary documentation within the 180-day timeframe. In other words, if a claimant fails to provide all necessary documentation within 180 days of submitting his or her application, defendant will deny the claim and the claimant must submit a new application.[1] This Plan provision is consistent with

---

[1] Neither party discusses whether plaintiff could solve his problem by filing a new application. This question was addressed in a recent, similar case against the same defendant, in which this Court recognized that, since plaintiff filed his application, the Plan implemented a "Funding Improvement Plan," which decreased the available benefits under the Plan and would decrease benefits substantially. *Ruessler v. Boilermakers-Blacksmiths Nat'l Pension Tr. Bd. of Trustees*, 1:20-CV-00128-SNLJ, 2020 WL 5909772, at *3 (E.D. Mo. Oct. 6, 2020). In that case, the plaintiff's "disability pension benefits can potentially decrease by nearly $2,000 per month depending on whether his claim is treated as one filed in June 2017 (when he initially filed) or some time thereafter (the necessary result of any refiling effort)." *Id.*

ERISA regulations that require plans to grant or deny an application for benefits within 180 days of the claimant submitting a claim. *See* 29 C.F.R. § 2560.503-1(f)(1).

The Complaint, defendant insists, shows that plaintiff failed to meet the necessary deadlines. Plaintiff filed his application July 25, 2017. He submitted his Notice of Award on September 10, 2018—over a year after he submitted his application. Thus, defendant maintains it correctly denied his application, and the Complaint fails to state a claim for relief. *Jordan v. Aetna Life Ins. Co.*, 4:11 CV 635 DDN, 2012 WL 274693, at *4 (E.D. Mo. Jan. 31, 2012) (dismissing § 1132(a)(1)(B) claim under Rule 12(b)(6) because the Complaint acknowledged plaintiff had submitted his application past the relevant deadline).

Plaintiff responds nothing in Section 10.01(c) provides that if a claimant fails to provide additional information, denial is mandated, and, critically, nothing in Section 10.01(c) prohibits defendant from revisiting an initial benefit determination based on documents received during a timely-filed appeal. That section is entitled "Initial Benefit Determination" and requires defendant to render a decision within 180 days. It states, in full:

> **Initial Benefit Determination.** Approval or denial of the claim will normally be made within ninety (90) days after the claim has been received by the Plan.  If additional time is required in special cases, the claimant will be notified in writing of the special circumstances requiring an extension of time and of the date by which the Plan expects to render the final decision, which will be not more than ninety (90) days from the end of the initial time period.  Written notice of the extension shall be furnished to the claimant prior to the commencement of the extension.  If additional information is required, the claimant will be notified and requested to furnish the necessary data within the 180-day time period specified by this provision.

7

[#15-1 at 6-7.]

Indeed, plaintiff alleges that he provided the Notice of Award document as part of his appeal process, for which the Plan allows review of "all comments, documents, records, and other information submitted by the claimant related to the claim, regardless of whether such information was submitted or considered in the initial benefit determination." [#15-1 at 7.] Indeed, the Plan tracks ERISA's implementing regulations, which state that a review shall "take into account all … documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R. § 2560.503-1(h)(2)(iv) (emphasis added); *see also Ruessler*, 2020 WL 5909772, at *3 (denying motion to dismiss regarding same issue and the same Plan).  Although defendant argues that the appeal procedure cannot save plaintiff's claim, the case defendant cites in support addresses exhaustion of remedies—not the circumstances here.

This Court disagrees that plaintiff failed to state a claim. Accepting the allegations as true and in the light most favorable to plaintiff, his claim is distinguishable on its face from the claim in *Jordan*, and the motion to dismiss Count I is denied.

**B.  Count II**

Plaintiff brings Count II under 29 U.S.C. § 1132(a)(3). To succeed in a claim under § 1132(a)(3), a plaintiff needs to show (1) a violation of either the plan or ERISA and (2) that "appropriate" equitable relief would redress such violation. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993). Count II alleges, in the event plaintiff was not entitled

8

to relief under Count I, that defendant violated ERISA when it misrepresented that it would consider plaintiff's Notice of Award. It appears to seek relief in the form of equitable estoppel and reformation, which are generally permitted forms of equitable relief under 29 U.S.C. § 1132(a)(3). *See CIGNA v. Amara*, 563 U.S. 421, 441 (2011); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 723 (8th Cir. 2014). Count II also seeks relief "requiring defendant to provide [plaintiff] with his disability pension benefits," [e]nforcing [plaintiff's] rights to benefits and payments under the terms of the Plan," and "[d]eclaring that [plaintiff] is entitled to ongoing monthly benefits and payments pursuant to the Plan's disability pension plan...." [#1 at 17–18.]

"The concept of equitable estoppel is simple; it 'operates to place the person entitled to its benefit in the same position he would have been in had the representations been true.'" *Silva*, 762 F.3d at 723 (quoting *Amara*, 563 U.S. at 441). "An estoppel claim founded on alleged misrepresentation by a plan fiduciary has the following elements: (1) knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to [his] detriment." *Sewell v. Sheet Metal Workers' Nat'l Pension Fund*, 8:16CV117, 2017 WL 7038173, at *15 (D. Neb. Aug. 9, 2017) (alterations in original; internal quotation to *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999) omitted).

Plaintiff alleges that the Plan misrepresented that it would receive and consider the Notice of Award during the appeal within the extension period. Defendant argues that no misrepresentation was made because, it says, its letters never asserted that submitting a

9

late Notice of Award would result in defendant granting plaintiff's appeal. Plaintiff alleges, however, that he repeatedly requested extensions of time to obtain a "notice of award," and that defendant granted him extensions to do so, never suggesting his only option was to file a new application. Plaintiff explains that, even if the Plan did not allow for such extensions of time, the defendant should not be permitted to deny plaintiff's benefits on untimeliness grounds because defendant's providing plaintiff with extensions to "substantiate the claim" was inconsistent with the intent to enforce the supposed deadlines. However, even assuming plaintiff has alleged misrepresentations by the Plan, plaintiff has not explained how his reliance on the misrepresentations was to his detriment.  Plaintiff argues that his detrimental reliance was providing the Notice of Award during the time limit defendant set.  Plaintiff suggests that defendant should have told him that his appeal was futile, but plaintiff does not explain how or why that would have resulted in a better outcome.  This Court will not speculate as to that question.

Count II's equitable claims therefore fail on their face, and Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#14] is DENIED in part and GRANTED in part.

**IT IS FURTHER ORDERED** that plaintiff's Count II will be DISMISSED.

Dated this  9th  day of February, 2021.

                                                       STEPHEN N. LIMBAUGH, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE